IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:06-cv-02227-LTB-BNB

JACOB ROBERT SCHNEIDER,

Plaintiff,

v.

CATERPILLAR INC., a Delaware Corporation

Defendant.

## PROTECTIVE ORDER

The Parties, Plaintiff, Jacob Robert Schneider ("Schneider") and Defendant, Caterpillar Inc. ("Caterpillar") have jointly moved the Court for entry of a Protective and the Court having reviewed the Motion and the proposed Order tendered with the Motion now enters the following Protective Order.

1. Schneider and his counsel have requested the production of certain engineering drawings and documents from Caterpillar, which documents Caterpillar contends are highly confidential and proprietary in nature. Caterpillar is willing to produce relevant engineering drawings and documents subject to a Protective Order, and Schneider agrees to the entry of a Protective Order in order to facilitate discovery.

2. All documents produced by Caterpillar pursuant to the terms of this Protective Order shall be stamped or clearly labeled to indicate the document is CONFIDENTIAL and the subject of a Protective Order. Documents shall only be designated as CONFIDENTIAL by Caterpillar if they are first reviewed by a lawyer and the designation is based on a good faith

belief that the documents are confidential or otherwise entitled to protection under Fed.R.Civ.P. 26(c)(7)

3.  A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

4.  Any of the engineering drawings or documents furnished to Schneider pursuant to this Protective Order shall be returned to Caterpillar at the conclusion of this litigation. Further, prior to the conclusion of this litigation, Schneider shall not disclose such engineering drawings and documents to any person or entity, except individuals employed or consulted for purposes of testifying in and/or otherwise assisting with this litigation.

5.  Use of the confidential engineering drawings and documents by Schneider and his counsel shall be limited to the conduct of this litigation only, and neither shall disclose the

confidential engineering drawings and documents or any portion or summary thereof to any person or persons not involved in the conduct of this litigation.

6. Unless otherwise ordered by this Court, Schneider and his counsel may only disclose the confidential engineering drawings and documents and the information derived therefrom to the employees of Schneider's counsel's firm actively involved in this litigation or consultants consulted by Schneider's counsel in connection with this case. No person to whom the confidential documents are disclosed shall disclose the confidential documents to any person to whom disclosure is not authorized by the terms hereof or make any disclosure of such confidential information for any purpose whatsoever without prior approval of the producing party or the Court.

7. In the event confidential documents must be filed with the Court, they shall be filed in conformity with ECF Procedure VI(A)2 and D.C.COLO.LCivR 7.2 and 7.3. Documents containing confidential information shall be filed using ECF, utilizing the docket event "Sealed Document." Service upon counsel shall not utilize the Court's electronic notice facilities. Service shall be made in accordance with the Federal Rules of Civil Procedure and a Certificate of Mailing must be attached to the filed document.

8. All persons to whom confidential documents are shown or disclosed shall, prior to said showing or disclosure, be informed of the contents of this Protective Order and agree in writing to be bound by its terms. If Schneider's counsel discloses the confidential documents to an expert witness or expert consultant, Schneider's counsel shall provide a copy of this Protective Order to the expert or consultant and shall secure such expert's or consultant's written acknowledgement of his or her agreement to be bound by the terms of this Protective Order before such documents are disclosed.

9.  If any document designated as confidential is tendered as an exhibit to a deposition, the court reporter shall be instructed that the exhibit shall be placed in a sealed envelope which is clearly labeled to indicate that the enclosed exhibit is designated as Confidential and subject to a Protective Order. This procedure shall apply to the original and all copies of any deposition which includes exhibits designated as confidential.

10. Nothing contained in this Order shall be construed as a waiver by either party of its right to object to the admissibility of the confidential documents supplied. Nothing contained in this Stipulated Motion for Protective Order shall be construed to constitute an admission that the confidential documents are relevant or material in any way to the issues raised in the pending action or a waiver of any privilege with respect thereto.

11. Any and all documents which contain summaries, reports or analysis of confidential information are designated as proprietary, confidential, competitively sensitive, or trade secrets and shall be considered and treated as the same. Any such summaries, reports, and/or analysis prepared on behalf of Schneider and which constitute attorney work product do not need to be returned to Caterpillar at the conclusion of this litigation but shall instead be destroyed. Any such documents which do not constitute attorney work product shall be returned to Caterpillar at the conclusion of this litigation.

DATED this ___6th___ day of August, 2007.

_____
Boyd N. Boland
United States Magistrate Judge